UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07097-SVW-CTS | Date | September 14, 2026 |
| Title | *Charles Rivkin v. 117 Productions, LLC et al* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12] AND GRANTING DEFENDANT'S MOTION TO DISMISS [15]

## I. Introduction

Before the Court are Plaintiff Charles Rivkin's motion to remand and Defendant 117 Productions, LLC's motion to dismiss. ECF Nos. 12, 15. For the following reasons, Plaintiff's motion to remand is DENIED and Defendant's motion to dismiss is GRANTED.

## II. Background

According to the First Amended Complaint, Plaintiff Charles Rivkin worked as a post production coordinator on the television production "Penn & Teller: Fool Us" from September 2020 until June 2022 for Defendant 117 Productions, LLC ("Defendant"). First Amended Complaint ("FAC"), ECF No. 1-9, ¶¶ 1, 13, 16. Plaintiff was initially hired as a W-2 employee, but in March 2021, without his knowledge, he was reclassified as a 1099 independent contractor. *Id.* ¶ 2. Plaintiff did not discover this reclassification until sometime in 2022 when he received a Form 1099 for tax year 2021. *Id.* Nevertheless, Plaintiff alleges that his employment was governed by "valid and binding collective bargaining agreements." *Id.* ¶ 15.

:

Initials of Preparer DTA

Although Plaintiff was placed on a four-week hiatus on June 4, 2022, he never actually returned back to work. *Id.* ¶¶ 4, 5. In fact, by the end of September 2022, Plaintiff had incurred injuries that made him realize he could not return to work. *Id.* ¶ 5. In October 2022, Plaintiff tried to apply for disability insurance, but discovered that Defendant had not paid into disability or unemployment insurance on his behalf beyond the first four months of his employment. *Id.* ¶¶ 5, 17.

Plaintiff filed suit against Defendants 117 Productions, LLC and Jacobson Payroll Group Inc in the Superior Court of the State of California, County of Los Angeles, on April 24, 2026, and amended his complaint on May 5, 2026. Notice of Removal, ECF No. 1, ¶¶ 2, 3; *see generally* Complaint, ECF No. 1-2; FAC. Plaintiff brings seven state law causes of action: (1) violation of California Labor Code § 226 (failure to provide accurate itemized wage statements); (2) violation of California Labor Code §§ 226.7 and 512 (failure to provide meal and rest periods); (3) violation of California Labor Code §§ 510 and 1194 (failure to pay overtime wages); (4) violation of California Labor Code §§ 201, 202, and 203 (waiting time penalties); (5) violation of California Labor Code § 2802 (failure to reimburse business expenses); (6) violation of California Business and Professions Code § 17200; and (7) violation of California Labor Code §§ 1194 and 1197 (failure to pay minimum wages). *See generally* FAC.

Defendant removed the case to this Court on June 29, 2026 based on federal question jurisdiction through Section 301 of the Labor Management Relations Act ("LMRA"). Notice of Removal, ECF No. 1. On July 20, 2026, Plaintiff moved to remand. ECF No. 12. That same day, Defendant moved to dismiss the case. ECF No. 15.

## III. Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

:

Initials of Preparer DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07097-SVW-CTS | Date | September 14, 2026 |
| Title | *Charles Rivkin v. 117 Productions, LLC et al* | | |

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). The burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## IV. Discussion

### A. Section 301 of the Labor Management Relations Act

Plaintiff's seven causes of action are all state law causes of action. Normally, in the absence of diversity jurisdiction, this means that federal courts do not have subject matter jurisdiction over such state law claims. *See City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (explaining the "general rule" that, in the absence of diversity, "a federal question [must] appear[] on the face of the complaint" to invoke the court's jurisdiction). But there is an exception to this general rule which "allows removal when federal law completely preempts a plaintiff's state law claim." *Id.* at 905. A federal law completely preempts a state law claim when "the pre-emptive force of the [federal statute] [is] so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." *Id.* (quotations omitted).

While very few federal statutes meet these stringent criteria, one of them is the statute at issue here, Section 301 of the Labor Management Relations Act. *Id.* at 905-06. Indeed, "[b]y enacting the LMRA, Congress completely preempted state law for certain labor-related claims." *McCray v. Marriot Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018). "In these areas, 'the preemptive force of § 301 is

:

Initials of Preparer DTA

so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law, not withstanding the fact that state law would provide a cause of action in the absence of § 301." *Id.* (quotations omitted). "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019).

"Critically, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted under § 301." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (internal quotation marks omitted). "[T]he Supreme Court has stressed that § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Curtis*, 913 F.3d at 1152. "For this reason, setting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states, and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA." *Id.* (internal quotations omitted).

In the Ninth Circuit, to determine whether an employment dispute is preempted by Section 301, courts apply a two-step inquiry. First, if the "asserted cause of action involves a right that exists solely as a result of the CBA," then "the claim is preempted, and the analysis ends there." *Id.* (cleaned up).

Second, even if the right exists independently of the CBA, if "plaintiff's state law right is substantially dependent on analysis" of the CBA, then the claim is also preempted. *Id.* at 1153. "[If] not, then the claim can proceed under state law." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059-60.

Under the second prong, "claims are only preempted to the extent that there is an active dispute over the meaning of contract terms" in the CBA. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (internal quotations omitted). "A *hypothetical* connection between the claim and the terms of the CBA is not enough to preempt the claim. Nor is it enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language." *Id.* at 921-22 (emphasis in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07097-SVW-CTS | Date | September 14, 2026 |
| Title | *Charles Rivkin v. 117 Productions, LLC et al* | | |

original). For example, looking to a CBA "to discern that none of its terms are reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable waiver of state law rights" is not enough to warrant preemption. *Id.* In other words, the "need for a purely factual inquiry . . . that does not turn on the meaning of any provision of a collective-bargaining agreement, . . . is not cause for preemption under Section 301." *Burnside*, 491 F.3d at 1059 (internal quotation marks omitted).

The Court will apply this two-step inquiry to Plaintiff's claims. If one of Plaintiff's state law claims satisfies either prong of the two-step test, then it is completely preempted and within this Court's jurisdiction.

**B. Plaintiff's Claims**

**i. Unpaid Overtime**

Plaintiff brings a claim for unpaid overtime wages under California Labor Code §§ 510 and 1194. Section 510 of the California Labor Code provides that employers must compensate employees for hours worked in excess of a 40-hour workweek or an 8-hour workday at a one-and-one-half rate of pay. Cal. Lab. Code § 510.

Section 510, however, "does not apply to an employee who is subject to a qualifying CBA." *Curtis*, 913 F.3d at 1153-54. A qualifying CBA is one that meets the requirements set out in Cal. Lab. Code § 514, which provides that:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all

:

Initials of Preparer DTA

> overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.

If a plaintiff is subject to a qualifying CBA (as defined by Section 514), then the plaintiff's "right to overtime exists solely as a result of the CBA," and "therefore is preempted under § 301." *Curtis*, 913 F.3d at 1155 (holding that the plaintiff's overtime claim was completely preempted under Section 301 when the CBA in question satisfied the requirements of Section 514).

Here, Plaintiff's employment is subject to the terms of the 2018 and 2021 CBAs.[1] Upon analysis of the terms of the 2018 and 2021 CBAs, the Court finds that each serve as a "qualifying CBA" under Section 514 and *Curtis*. Indeed, these agreements expressly provide for the wages, hours of work, and working conditions of employees, and provide premium wages for all overtime worked. *See* 2018 CBA; 2021 CBA; Opposition to Motion to Remand ("Opp."), ECF No. 16, at 7. Furthermore, the wages listed in these agreements are at least 30 percent more than the state minimum wage. Opp. at 7. Notably, Plaintiff's Motion to Remand does not contest that the 2018 and 2021 CBAs satisfy the § 514 requirements.[2]

Because the 2018 and 2021 CBAs are "qualifying CBA[s]" under Section 514, Section 510 of the California Labor Code does not apply to Plaintiff. *See Curtis*, 913 F.3d at 1155. Plaintiff's "right to overtime [thus] exists solely as a result of the" 2018 and 2021 CBAs, and "therefore [Plaintiff's overtime claim] is preempted under § 301."[3] *See id* (internal quotations omitted). And because the overtime claim

[1] Defendant attached copies of the collective bargaining agreements to which Defendant is a signatory and that cover the entire duration of Plaintiff's employment. *See* Declaration of Jeremy Mittman, ECF No. 3-1, ¶ 12, Exhibit 11 (the "2018 CBA"), ECF No. 3-12; ¶ 14, Exhibit 13 (the "2021 CBA"), ECF No. 3-14.

[2] Plaintiff has also failed to file a reply brief in support of his Motion to Remand.

[3] The Court notes that Plaintiff also brings an overtime claim under Cal. Lab. Code § 1194. This does not change the Court's analysis, as "a CBA that fulfills the requirements of § 514 also preempts over time claims based on §§ 510, 1194, and 1198."

is subject to complete preemption under Section 301, it falls within this Court's federal jurisdiction. *See id.*

### ii. Meal Period Claim

Plaintiff also brings a claim for failure to provide meal periods in violation of California Labor Code Sections 512(a) and 226.7, and applicable Industrial Welfare Commission ("IWC") Wage Orders. Section 512(a) requires that employers provide 30-minute meal periods for every work period exceeding five hours. IWC Wage Orders 11 and 12 similarly impose certain meal period requirements. Cal. Code Regs. tit. 8, § 11110(11) (for the broadcasting industry); Cal. Code Regs. tit. 8, § 11120(11) (for the motion picture industry). Section 226.7 prohibits employers from requiring employees to work during meal periods.

The statutes contain carve outs for employees covered by qualifying CBAs. Section 512(d) provides that "the applicable provisions pertaining to meal periods of [Section 512(a)], Section 226.7, and Industrial Welfare Commission Wage Order Numbers 11 and 12" do not apply to "employee[s] in the motion picture industry or the broadcasting industry"[4] who are "covered by a valid collective bargaining agreement that provides for meal periods and includes a monetary remedy if the employee does not receive a meal period required by the agreement." Cal. Lab. Code § 512(d). Rather, in such a case, the "terms, conditions, and remedies of the [valid CBA] pertaining to meal periods apply." *Id.* Relatedly, where an employee is exempt under Section 512, they are likewise exempt under Section 226.7, as that section does

*Castaneda v. Ardagh Glass Inc.*, No. 23-cv-03547-HSG, 2024 WL 589088, at *4 (N.D. Cal. Feb. 13, 2024).

[4] IWC Wage Order 11 defines the "broadcasting industry" to mean "any industry, business, or establishment operated for the purpose of broadcasting or taping and broadcasting programs through the medium of radio or television." Cal. Code Regs. tit. 8, § 11110(2)(B). IWC Wage Order 12 defines the "motion picture industry" to mean "any industry, business, or establishment operated for the purpose of motion picture or television film production, or primarily allied with theatrical or television, motion picture productions, including but not limited to motion pictures for entertainment, commercial, religious, or educational purposes, whether made by film, tape, or otherwise." Cal. Code Regs. tit. 8, § 11120(2)(K).

:

Initials of Preparer DTA

not apply to "an employee who is exempt from meal . . . period requirements pursuant to other state laws." Cal. Lab. Code § 226.7(e).

Here, not only do the 2018 and 2021 CBAs satisfy California Labor Code Section 514 by expressly providing for wages, hours of work, working conditions, over time rates, and a regular hourly rate that is at least 30 percent more than the state minimum wage, they also satisfy Section 512(d)'s separate requirement—that the CBAs provide for meal periods and include a monetary remedy if the employee does not receive a meal period required by the agreement. *See* 2018 CBA ¶ 20; 2021 CBA ¶ 20; Opp. at 9. Accordingly, because Plaintiff is exempt from the requirements of Sections 512 and 226.7, his meal period claim "exists solely as a result of the [2018 and 2021 CBAs]" and is thus preempted under Section 301. *See Curtis*, F.3d at 1155.

**iii. Rest Period Claim**

Plaintiff also brings a claim for failure to provide rest periods in violation of California Labor Code Sections 226.7 and applicable IWC Wage Orders. Section 226.7 provides that employers cannot require employees to work during rest periods and that employers must pay employees certain premiums if the employer fails to provide the employee a meal period in accordance with state law.

Defendant argues this claim is preempted under *Burnside* step two because the 2018 and 2021 CBAs contain rest break policies. This, however, is immaterial because "California's rest break requirements are a 'minimum labor standard' that neither an employee nor their collective bargaining representative can waive." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1090 (9th Cir. 2025) (citing *Zavala v. Scott Bros. Dairy, Inc.*, 49 Cal. Rptr. 3d 503, 506, 509 (2006) (discussing Cal. Lab. Code § 226.7 (2006)); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076, 1082 (9th Cir. 2005) ("[Section] 301 does not permit parties to waive, in a collective bargaining agreement, nonnegotiable state rights conferred on individual employees." (quotation marks and citation omitted))). The CBAs' terms are thus irrelevant to whether Defendant provided rest breaks in accordance with state law. *Id.*

:

Initials of Preparer DTA

Accordingly, the Court concludes that Plaintiff's failure to provide rest periods claim is not preempted.

**iv. Reimbursement of Business Expenses Claim**

Plaintiff also brings a claim for failure to reimburse business expenses under California Labor Code § 2802, which requires employers to indemnify employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties. Cal. Lab. Code § 2802(a). Defendant argues that this claim is preempted by Step 2 of the *Burnside* test because the 2018 and 2021 CBAs

Section 2802's protections are not waivable by contract. *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 951, 189 P.3d 285, 294-95 (2008) (citing Cal. Lab. Code § 2804). "Accordingly, it is not clear 'why the Court would need to reference the CBA at all, let alone interpret it,' to resolve [Plaintiff]'s claim for failure to reimburse expenses under section 2802, which does not invoke his rights under the CBA." *Carrillo v. Monterey Mech. Co.*, No. 24-CV-09202-LJC, 2025 WL 2615064, at *15 (N.D. Cal. Sept. 10, 2025) (quoting *Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806, 816 (C.D. Cal. 2020)); *see Allmaras v. Univ. Mech. & Eng'g Contractors, Inc.*, 757 F. Supp. 3d 1094, 1108 (S.D. Cal. 2024) (holding that plaintiff's expense reimbursement claim was not preempted under § 301 after noting that plaintiff merely alleged that defendant failed to satisfy its obligations under state law). That the CBAs here provide for reimbursement for certain expenses, however, does not establish preemption. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412–13 (1988) ("[T]he mere fact that a broad contractual protection . . . may provide a remedy for conduct that coincidentally violates state-law does not make the existence or the contours of the state law violation dependent upon the terms of the private contract.").

Furthermore, even if there were some need to consult the 2018 and 2021 CBAs, Defendant has not shown any "disagreement about the meaning or application of any relevant CBA-covered terms of employment." *Alaska Airlines*, 898 F.3d at 927. Defendant merely argues that the language in the relevant

provision is ambiguous with respect to what types of equipment are covered by the provision and in what amounts.

Accordingly, the Court concludes that Plaintiff's failure to reimburse business expenses claim is not preempted.[5]

### v. Derivative Claims and Supplemental Jurisdiction

Plaintiff's remaining claims are either derivative of his overtime claim (over which the Court has original jurisdiction) or warrant the Court's exercise of supplemental jurisdiction.

When the Court has original jurisdiction over one state law claim due to complete preemption, other state law claims are likewise preempted "to the extent they are derivative of" the original jurisdiction claim. *Vasquez v. Packaging Corp. of AM.*, Case No. 19-cv-1935-PSG, 2019 WL 453106, at *4 (C.D. Cal. June 7, 2019).

[5] Defendant contends that Plaintiff's tolling theory—that he was obligated to pursue his claims via the union grievance process prior to initiating litigation—requires interpretation of the CBAs' grievance and arbitration provisions and thus independently supports preemption of all of his claims. This argument, however, amounts to Defendant launching a statute-of-limitations defense, and it is well-established that § 301 preemption cannot be established by a defense to a plaintiff's state law claims. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987); *Dent v. Nat'l Football League*, 902 F.3d 1109, 1117 (9th Cir. 2018) ("LMRA § 301 forum preemption inquiry is not an inquiry into the merits of a claim; it is an inquiry into the claim's legal character—whatever its merits—so as to ensure it is decided in the proper forum." (internal citation and quotation marks omitted)); *see also Kobold*, 832 F.3d at 1033 ("If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense" (cleaned up)). Separately, we conclude that analyzing Plaintiff's tolling theory would not require interpretation of the CBAs; rather, Defendant has only shown that such an analysis would require merely referring to the text of the CBAs, which is insufficient to establish § 301 preemption. *Burnside*, 491 F.3d at 1059; *Alaska Airlines*, 898 F.3d at 921-22.

:

Initials of Preparer DTA

Here, Plaintiff's minimum wage, wage statement, UCL, and waiting time claims are in part derivative of his overtime claim. The FAC alleges that Defendant "fail[ed] to record and pay for all hours Plaintiff worked," FAC ¶ 69, did not pay Plaintiff at the time his employment ended "all wages earned and unpaid, including but not limited to minimum wages, overtime wages, and premium wages owed for missed meal and rest periods," *id.* ¶ 57, and provided wage statements to Plaintiff that "did not accurately reflect all hours worked, the correct gross and net wages earned, or the applicable hourly rates for all hours worked," *id.* ¶ 44. The FAC further alleges that Defendant's practices are "unlawful" under the UCL because they violated the aforementioned California Labor Code provisions. *Id.* ¶ 65. Since the Court has original jurisdiction over the overtime claim, the Court has jurisdiction over these derivative claims as well. *See Harris v. Ghirardelli Chocolate Co.*, No. 25-CV-11106-JST, 2026 WL 2138561, at *6 (N.D. Cal. July 24, 2026) (holding that state law claims that were "derivative" of the plaintiff's overtime claim were likewise preempted).

Regarding Plaintiff's remaining claims (i.e., his failure to reimburse business expenses claim and failure to provide rest periods claim), to the extent they are not derivative of the preempted claims, said claims and the preempted claims derive from a common nucleus of operative fact. The Court will therefore exercise supplemental jurisdiction over the non-preempted state law claims. *See Trs. Of Contr. Indus. & Laborers Health & Welfare Tr. V. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (holding that exercising supplemental jurisdiction is appropriate where federal and state law claims "derive from a common nucleus of operative fact such that a plaintiff would ordinarily be expected to try them in one judicial proceeding"); *see also Vasquez v. Packaging Corp. of AM.*, 2019 WL 4543106, at *4 (exercising supplemental jurisdiction over non-preempted state law claims in a wage and hour case involving Section 301 of the LMRA); *Loaiza v. Kinkisharyo Int'l, LLC*, No. 19-cv-07662-JAK, 2020 WL 5913282, at *5 (C.D. Cal. Oct. 6, 2020) (same); *Huerta v. Doubletree Emp. LLC*, No. 23-cv-02433-CJC, 2024 WL 890548, at *4 (C.D. Cal. Mar. 1, 2024) (same).

:

Initials of Preparer DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07097-SVW-CTS | Date | September 14, 2026 |
| Title | *Charles Rivkin v. 117 Productions, LLC et al* | | |

## V. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED. As to Defendant's motion to dismiss, no opposition has been filed on the docket in violation of the deadlines imposed by the local rules. *See* L.R. 7-9. The failure to oppose Defendant's motion is alone grounds for granting the motion pursuant to Local Rule 7-12.[6] L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."). Defendant's Motion to Dismiss is thus GRANTED.

**IT IS SO ORDERED.**

[6] The Court does not reach the merits of the Motion.

:

Initials of Preparer DTA